DOE, on the demise of ABRAHAM BROOM *vs.* ROE, Cas. Ejector and WILLIAM THOMPSON and THOMAS YOUNG, tenants in possession.·

A devise to A B and C and all the other children of D that shall hereafter be born, with directions that D should keep the property until the youngest child he then had, or shall hereafter have, shall arrive at age, does not give D a right to the possession during the possibility of issue, but only during the minority of any child actually in existence.

EJECTMENT. Case stated.

The case stated set forth; that James Broom, late of Newcastle county, being seized of certain lands, &c., in said county, duly made and executed his last will and testament, in writing, in and by which, among other things, he devised and bequeathed as follows:

"Also I give and devise all the residue and remainder of my lands, houses, tenements, rents, hereditaments and real estate whatsoever, unto James Broom, Hetty Willis Broom, Eliza Broom, Harriet Rumsey Broom and all the other children of my said son, Abraham Broom, that shall hereafter be born, the said four children being the son and daughters of my said son Abraham, and their heirs forever, equally to be divided, to be held by them and their heirs forever, as tenants in common. Also, all the rest and residue of my personal estate, I give and devise to the said James, Hetty Willis, Eliza and Harriet Rumsey Broom, daughters and son of my said son Abraham, and all the future children of my said son Abraham, forever; and it is my will and pleasure, and I do direct and devise, that my said son Abraham Broom, take into his possession all the real and personal estate devised to his said children, and out of the rents and profits thereof, educate and maintain his said children, and also any future children he may have, and the same so keep until the youngest child he now hath, and hereafter shall have, shall arrive and come to the age of twenty-one years. And I do nominate and appoint the said Abraham Broom guardian to all his children aforesaid, begotten or

to be begotten, until they all, respectively, arrive to the age of twenty-one years; and if my said son, Abraham Broom, should die leaving my daughter-in-law, Elizabeth Broom, and before the youngest of said children shall come of the age aforesaid, then it is my will and pleasure, and I do devise that my said daughter-in-law, Elizabeth Broom, take into her possession the real and personal estate herein devised unto the children of Abraham Broom, and out of the rents and profits thereof, educate and maintain the said children and all future children by him, until the youngest child they now have or hereafter shall have, respectively, arrive to the age of twenty-one years; and I do also, in such case, nominate and appoint the said Elizabeth Broom guardian to the said children, until they arrive to the age of twenty-one years." James Broom left to survive him the said Abraham Broom the lessee of plff., and also his wife Elizabeth Broom and all the said children mentioned in the will. He has since had other children by the said wife, some of whom are deceased, but all of whom were or would have been of age at the commencement of this suit. The said Elizabeth is now dead. Defts. are in possession under the children of Abraham Broom the devisees.

*Wales* for the plff. contended that the testator designed to give to Abraham Broom a life estate in the land; or what would be equivalent thereto, an estate during the possibility of issue. When was his right to the possession of these lands to cease? Not until there was an impossibility of his having other children. He was to hold it during the minority of all his children, born or to be born. This, we contend, entitles him to hold the possession still, he being still in full life, and capable of having issue.

*Bayard* for defts. In the construction of a will the court will sometimes call to its aid the situation of the testator's family as illustrating his intentions. In this case the son, Abraham Broom, was married to a woman who possessed the confidence and affection of the father. This appears from the face of the will. In connection with this fact it may be fairly collected from the will that the testator did not look to the issue by any other wife, but only meant to provide for the issue of that wife. All the children by this wife are of age: the father has not married again; and though it is still possible for him to marry and to have issue, shall this bare possibility deprive the real objects of the testator's bounty of the possession of these lands during all the lifetime of their father? I say the real objects of his bounty, for the profits of the land only were devised to Abraham Broom for the purpose of educating and maintaining these children. Additionally, the Court will have to say whether any legal estate whatever in the land is given to Abraham Broom that will enable him to sustain ejectment.

*Wales* in reply: There is nothing in the will to restrain the possession of this land in the hands of Abraham Broom to the minority of issue by his then wife. It is a forced construction. Abraham Broom was probably a son whom, for want of thrift or other cause, James Broom, the father, could not trust with an absolute devise of his property for life; he therefore, designing to give him a support in such manner as that his creditors could not take it from him, devises the land to the children, but the profits to the father. He could

not give him a life estate without subjecting it to his debts. It is admitted by Mr. Bayard that the words are large enough to include future children; nor is there any thing to exclude children by any future wife; as long therefore as there was a possibility of issue by any wife which he had or might have, Abraham Broom was entitled to the possession of this land.

*Harrington, Judge—*

"The question in this case is whether Abraham Broom became entitled under the will of his father to the possession of the lands, &c. devised to his children, and to receive the rents and profits, during the possibility of issue, i. e., during life; or only during the minority of the youngest child who should be in actual existence. It is not probable that in making the devise the contingency of Abraham Broom living until the majority of his youngest child occurred to the testator; the probabilities were all against such an event taking place; but we are to look into the will and see if the terms indicate any plain intent of the testator to give to his son in this indirect way what would be equivalent to a life estate in lands actually devised to other persons. We speak of intent because, if this construction is to prevail, we must go beyond the words of the will and adopt it as necessarily arising from some design of the testator manifestly appearing on the whole will. The words of the devise will not themselves effect this object. The lands are devised, not to Abraham Broom, but to his children; to those who were living *by name*, and to such others as should be born, generally; *they*, therefore, and not *he*, were the especial objects of the testator's bounty; the possession of the land so devised was given to him for a specific purpose, to educate and maintain the children until the youngest should arrive at lawful age; a purpose which might be accomplished, and has been accomplished, during the lifetime of Abraham Broom. It is true that Abraham Broom was benefitted by this devise, as it furnished a fund for the maintenance and education of children he was otherwise bound to maintain; and this appears to have been the object of the testator, to relieve him of this burthen; or, at least, to give him the profits of his children's property whilst he was at the charge of educating or maintaining any of them, and this was reasonable that the avails of the children's property should be applied to their support. But beyond this no intention appears from the will, and no motive can be inferred, without going into loose conjecture, for giving the rents and profits of this property to Abraham Broom after the charge of his children had ceased, and diverting it from the primary and principal objects of the testator's bounty. It may be that he designed in this indirect manner to give a life estate to his son in the land devised to his grand children, but he has not expressed that intention apart from the words of the devise, nor do these words effect it. By that devise he is authorized to keep the property "until the youngest child he now hath, and hereafter *shall have*, shall arrive and come to the age of twenty-one years." It refers to the minority of a child or children in existence and not to the possibility of such children being born, as is evident from the expressed design of giving the custody of the property to the father, that "out of the rents and profits

44

thereof" he should "maintain and educate his said children, (i. e. those then living named in the will,) and also any future children he may have." So long as the charge lasted, the possession of the property ,was to continue with the father as a means of discharging it; and it ceased on the youngest child in existence arriving at twenty-one."

The other judges concurred.

Judgment for the defendants.